IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS GONZÁLEZ MORALES;<br>HILDA RODRÍGUEZ FORTEZA,<br><br>               Plaintiffs,<br><br>                   v.<br><br>UBS BANK USA,<br><br>               Defendant. | CIVIL NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW Defendant UBS Bank USA ("UBS Bank"), by and through its undersigned counsel, without submitting to the *in personam* jurisdiction or venue of this Honorable Court or waiving any other applicable defenses or objections,[1] and as authorized by 28 U.S.C. §§ 1441 and 1446 (removal), and 28 U.S.C. §§ 1331 and 1332(a) (federal question and diversity jurisdiction), removes the above-captioned case from the Puerto Rico Court of First Instance for the Commonwealth of Puerto Rico, San Juan Superior Part, to this Court.

### I. INTRODUCTION

1. On or about September 18, 2014, Plaintiffs filed a complaint before the Puerto Rico Court of First Instance, San Juan Superior Part, under the caption <u>Carlos González Morales; Hilda Rodríguez Forteza v. UBS Bank USA</u>, Civil Case No. KAC 2014-0917 (806) ("the State Action"). <u>See</u> Complaint, Exhibit A hereto.

---

[1] "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." 5C Wright & Miller, FED. PRAC. & PROC. § 1395 (3d ed.) (Supp. 2013); <u>Lambert v. Kysar</u>, 983 F.2d 1110 (1st Cir. 1993) (right to object to venue not waived by removal petition or by assertion in removal petition that venue was proper); <u>Nationwide Eng. & Control Sys., Inc. v. Thomas</u>, 837 F.2d 345, 347-48 (8th Cir. 1988); <u>see also</u> Fed.R.Civ.P. 4(d)(5), 81(c); 28 U.S.C. § 1441(e)(6).

2. On September 27, 2014, UBS Bank received an English translation of the Amended Complaint by mail. <u>See</u> Amended Complaint (translation), Exhibit B hereto.

3. Both Plaintiffs are residents of Puerto Rico. UBS Bank is a federally-regulated Utah industrial bank with its principal place of business in Utah. <u>See</u> Complaint ¶¶ 3-5. Therefore, under 28 U.S.C. § 1332, diversity jurisdiction is present.

4. Moreover, the Amended Complaint involves a federal question, which provides an additional and independent basis for removal.

## II. DIVERSITY JURISDICTION

5. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

6. Under 28 U.S.C. § 1332(a), this Court has jurisdiction over all civil actions between citizens of different States where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. This District Court has original jurisdiction over the State Action under 28 U.S.C. § 1332(a), as the case is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity

8. There is complete diversity in this action. Plaintiffs and Defendant are citizens of different States under 28 U.S.C. § 1332(a). Plaintiffs are citizens of Puerto Rico and UBS Bank is a federally-regulated Utah industrial bank with its principal place of business in Utah.

### B. Amount in Controversy

9. The amount in controversy requirement of 28 U.S.C. § 1332 is also met. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal

jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

10. Here, according to Plaintiffs, the conduct and transactions at issue have resulted in damages "of no less than $6.5 million." See Exhibits A, B ¶ 67.

### III. FEDERAL QUESTION JURISDICTION

11. As noted above, under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1331, this Court has jurisdiction over all actions arising under the Constitution, the laws or treaties of the United States.

12. This Court has original jurisdiction over the State Action, as it involves federal questions.

13. Under the fifth cause of action, Plaintiffs allege violations of federal securities laws, including section 10b of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a to 78kk, and SEC Rule 10b-5. Id. ¶ 47.

14. Under the sixth cause of action, Plaintiffs allege violations of the Bank Holding Company Act, 12 U.S.C. § 1972. Id. ¶ 65.

16. Thus, federal questions are present in this case. Since the fifth and sixth causes of action involve federal questions, the remaining claims, which arise from the same nucleus of operative fact as the claim to compel arbitration, can be entertained by this Court under its supplemental jurisdiction. 28 U.S.C.§ 1367; United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also De Jesus-Santos, 2006 WL 752997, at *3.

17. In sum, removal also is permissible here based on federal question jurisdiction.

### IV. OTHER REQUIREMENTS FOR REMOVAL

18.     Pursuant to 28 U.S.C. §§ 1441(a), the U.S. District Court for the District of Puerto Rico is the appropriate federal court to which this action should be removed.  UBS Bank reserves any and all rights, defenses and arguments regarding the appropriate venue.

19.     Pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

20.     Since UBS Bank is not a citizen of Puerto Rico, it is not precluded from removing the State Action under 28 U.S.C. § 1441(b).

21.     Pursuant to 28 U.S.C. § 1446(a), UBS Bank submits herewith the Complaint and translation of the Amended Complaint (Exhibits A and B hereto).

WHEREFORE, notice is hereby given that, pursuant to 28 U.S.C. §§ 1441 and 1446, the State Action is removed from the Puerto Rico Court of First Instance for the Commonwealth of Puerto Rico, San Juan Superior Part, to the U.S. District Court for the District of Puerto Rico.

RESPECTFULLY SUBMITTED.

WE HEREBY CERTIFY that, on this date, I electronically filed the foregoing document and its exhibits with the Clerk of Court using the CM/ECF system, and that a copy is being served today by e-mail on Agustín Collazo Mejía (counsel of record for Plaintiffs in the Puerto Rico Court of First Instance, San Juan Superior Part) at acmlawpr@gmail.com.  Furthermore, copy of this Notice of Removal will be filed as an attachment to an Informative Motion before the Puerto Rico Court of First Instance, San Juan Superior Part, in compliance with 28 U.S.C. § 1446 (d).

In San Juan, Puerto Rico, this 30th day of September, 2014.

                                                    McCONNELL VALDÉS LLC
                                                    Attorneys for Defendants
                                                    270 Muñoz Rivera Ave.
                                                    Hato Rey, PR  00918
                                                    P.O. Box 364225
                                                    San Juan, PR  00936-4225
                                                    http://www.mcvpr.com
                                                    Tel. (787) 250-2604
                                                    Fax. (787) 759-2631

                                                    *s/Roberto C. Quiñones-Rivera*
                                                    Roberto C. Quiñones-Rivera
                                                    USDC-PR No. 211512
                                                    rcq@mcvpr.com

                                                    *s/ Sonia M. López-del Valle*
                                                    Sonia M. López-del Valle
                                                    USDC-PR No. 231413
                                                    sld@mcvpr.com