IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS GONZALEZ-MORALES, *et al.,*

    **Plaintiffs,**

              **v.**                        **Civil No.** 14-1739 (FAB)

UBS BANK USA,

    **Defendant.**

**MEMORANDUM AND ORDER**

Besosa, District Judge.

Before the Court is defendant UBS Bank USA's ("UBS Bank") motion to transfer venue.  (Docket No. 16.)[1]  For the reasons that follow, the Court **GRANTS** defendant's motion to transfer.

**I.   Discussion**

Citing a mandatory forum selection clause contained in the credit line agreements between the parties, defendant UBS Bank moves to transfer this case to the U.S. District Court for the District of Utah.  (Docket No. 16-1.)  The clause at issue states,

> ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATED
> TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY
> THIS AGREEMENT OR ANY JUDGMENT ENTERED BY ANY COURT
> REGARDING THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED
> BY THIS AGREEMENT WILL BE BROUGHT AND MAINTAINED
> EXCLUSIVELY IN THE THIRD JUDICIAL DISTRICT COURT FOR THE

---

[1] Also pending before the Court is plaintiffs' motion to remand.  (Docket No. 19.)  Because plaintiffs subsequently — and correctly — conceded that federal court is the appropriate forum for this action (Docket No. 26 at ¶ 62), the Court **DENIES** plaintiffs' motion to remand as moot.

    STATE OF UTAH OR IN THE UNITED STATES DISTRICT COURT FOR
    THE STATE OF UTAH.

(Docket No. 16-1 at § 17(a).)  The agreements further provide that all loan parties irrevocably submit to the jurisdiction of Utah courts and waive any *forum non conveniens* objection to proceeding in Utah Courts.  Id.  The parties do not dispute that this is a mandatory forum selection clause.  Rather, they dispute the clause's validity.  (Docket No. 26.)

    "[A] forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a)."  Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S.Ct. 568, 575 (2013).  "When a defendant files such a motion . . . , a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."  Id.  In resisting a motion to transfer based on a mandatory forum selection clause, the "plaintiff[s] bear[] the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  Id. at 581.

    Pursuant to both federal common law and Puerto Rico law, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)); see also Stereo Gema, Inc., v. Magnadyne Corp., 941 F. Supp. 271, 276

Civil No. 14-1739 (FAB)                                                3

(D.P.R. 1996) (Lafitte, J.) (noting that the Puerto Rico Supreme
Court adopted the federal common law's approach to the enforcement
of forum selection clauses) (internal citations omitted).
Specifically, forum selection clauses are to be enforced unless the
resisting party can "clearly show that enforcement would be
unreasonable and unjust, or that the clause was invalid for such
reasons as fraud or overreaching." Zapata, 407 U.S. at 15.  In
contesting the validity of a forum selection clause, the resisting
party bears a "heavy burden of proof." Id. at 17.  Mindful that
the validity of a forum selection clause is considered separately
from the validity of the underlying contract, Intercall Commc'ns v.
Instant Impact, Inc., 376 F. Supp. 2d 155, 160 (D.P.R. 2005)
(Garcia-Gregory, J.), the Court now addresses plaintiffs' three
proposed grounds for invalidating the forum selection clause at
issue.

    **A.    Public Policy Considerations**

        A resisting party can defeat a forum selection clause by
showing that its "enforcement would contravene a strong public
policy of the forum in which suit is brought." Zapata, 407 U.S.
at 15.  In an attempt to demonstrate that the forum selection
clause at issue here would contravene a strong public policy of
Puerto Rico, plaintiffs lead the Court down a complicated path.
Plaintiffs begin by arguing the Commonwealth has a "strong public
policy against unauthorized and unsupervised financial operations

Civil No. 14-1739 (FAB)                                                    4

in Puerto Rico," and that Puerto Rico's legislature has prioritized

effective supervision of the operations of banks and financial

institutions.  (Docket No. 26 at pp. 12, 15.)  In support of their

argument, plaintiffs point to the Puerto Rico law requiring foreign

banks operating in Puerto Rico to file a certificate with the

Secretary of State of Puerto Rico consenting "to be sued in the

courts of Puerto Rico in any all [*sic*] causes of action originated

against [them] in Puerto Rico . . . ."  Puerto Rico Laws Ann. tit.

7 § 181 ("section 181").   This consent to suit requirement,

plaintiffs urge, exclusively confers jurisdiction in Puerto Rico

and precludes litigation of actions such as this case in any other

jurisdiction.  Plaintiffs allege that defendant UBS Bank violated

this law by operating in Puerto Rico without filing the required

certificate consenting to suit in Puerto Rico.  As a result,

plaintiffs argue, defendant UBS Bank cannot avoid litigating this

action in Puerto Rico by simply violating section 181.  (Docket

No. 26.)  Plaintiffs conclude by insisting that the forum selection

clause at issue here, because it purports to require litigation

outside of Puerto Rico, contravenes Puerto Rico's strong public

policy in favor of litigating banking disputes in Puerto Rico.  Id.

         For plaintiffs to prevail, the Court must accept two

propositions as true.  First, the Court must agree that Puerto Rico

in fact has a strong public policy in favor of litigating banking

disputes in Puerto Rico.  Second, the Court must accept plaintiffs'

interpretation of section 181 as a negative exclusion of jurisdiction in other courts, as opposed to an affirmative conferral of personal jurisdiction by consent.  The Court addresses each of these two issues in turn.

**1.   Whether a Strong Puerto Rico Public Policy Would be Contravened by Enforcing the Forum Selection Clause**

Plaintiffs cite extensive authority for the proposition that Puerto Rico's legislature has an interest in regulating the banking industry operating in Puerto Rico.  (Docket No. 26.)  While this proposition goes without saying, see Fahey v. Mallonee, 332 U.S. 245, 250 (1947)("Banking is one of the longest regulated and most closely supervised of public callings."), it does not in and of itself establish a strong public policy that would warrant disregarding a valid forum selection clause. Plaintiffs' argument requires the Court to infer that because Puerto Rico's legislature — like every other forum's legislature — has an interest in regulating the banking industry, it as a result has a public policy that disfavors forum selection clauses that permit litigation of banking disputes outside of Puerto Rico.  The Court declines to make this leap.

Puerto Rico policymakers have been explicit in expressing public policies against forum selection clauses in other contexts. For example, in 2008, the Office of the Patient's Advocate of Puerto Rico passed a regulation "banning the inclusion of forum selection clauses in documents that are used to secure the

Civil No. 14-1739 (FAB)                                                6

informed consent of medical patients."[2]   Garcia-Mones v. Groupo

Hima San Pablo, Inc., 875 F. Supp. 2d 98, 105 (D.P.R. 2012)(Besosa,

J.) (citing Regulation No. 7617); see also Rivera v. Centro Medico

de Turabo, Inc., 575 F.3d 10, 23 (1st Cir. 2009)("[Regulation No.

7617] is persuasive evidence of Puerto Rico's public policy

*today*.") (emphasis in original); Prince v. Hosp. HIMA San Pablo-

Caguas, 943 F. Supp. 2d 280, 284 (D.P.R. 2013) (Perez-Gimenez,

J.)("Certainly, the enactment of Regulation No. 7617 is a testament

to the public policy of prohibiting the enforcement of forum

selection clauses included in admissions documents for medical

treatment).  In fact, the First Circuit declined to find that a

forum selection clause in a consent form signed by a patient was

unenforceable as contrary to public policy where it was signed

prior to Regulation No. 7617's implementation, even though the

subsequent regulation provided "persuasive evidence of Puerto

Rico's public policy *today*."  Rivera, 575 F.3d at 23.

          Similarly, courts have construed Puerto Rico's

Dealer's Act as disfavoring forum selection clauses. The Act

states,

---

   [2] Regulation 7504 prohibits health care providers from
including in informed consent documents any "[a]spects about any
decision regarding the possibility of any act of malpractice by a
provider" or "legal clauses foreign to the sphere or field of
medicine or health . . . such as, but not limited to, forum
selection clauses."  Office of the Patient's Advocate of P.R.,
Regulations to Implement the Provisions of Public Law 194 of
August 25, 2000, Regulation No. 7617, Article 13, Section 8(C)(2)
(November 21, 2008) ("Regulation No. 7617").

Civil No. 14-1739 (FAB)                                                    7

> Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.

P.R. Laws Ann. tit. 10 § 278b-2.  Courts, finding that the Dealer's Act contains "a strong public policy that clearly disfavors forum selection clauses," have invalidated forum selection clauses as contrary to public policy.  Triangle Trading Co., Inc. v. Robroy Indus., Inc., 952 F. Supp. 75, 79 (D.P.R. 1997) (Casellas, J.). See also Action Corp. v. Toshiba Am. Consumer Prod., Inc., 975 F. Supp. 170, 175 (D.P.R. 1997) (Perez-Gimenez, J.) ("[The Dealer's Act] sets forth, in no uncertain terms, the Puerto Rican legislature's intent that disputes between dealers and principals be heard by courts within the Commonwealth of Puerto Rico.").

Thus, although Puerto Rico public policy disfavors forum selection clauses in the contexts of medical patients and dealers' contracts, plaintiffs have not provided the Court with any authority indicating that such an explicit public policy exists as to the banking industry.  The authority plaintiffs provide in the banking context does not specifically mention forum selection clauses or litigation in other fora.  In the absence of an explicit public policy disfavoring forum selection clauses, the Court has no grounds for invalidating the forum selection clause here.

###    2.    Whether Section 181's Consent to Suit is Exclusive

Even assuming that section 181 binds defendant despite defendant's failure to file the required certificate, the forum selection clause would only be invalid if section 181 served as a negative exclusion of jurisdiction in other courts.  The Court does not believe this is so.  The First Circuit Court of Appeals has interpreted a similar clause — in which the parties "expressly submit[ted] to the jurisdiction of all Federal and State Courts located in the State of Florida" — to constitute "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts."  Autoridad de Energia Electrica de P.R. v. Ericsson Inc., 201 F.3d 15, 18-19 (1st Cir. 2000) (citing Redondo Constr. Corp. v. Banco Exterior de España S.A., 11 F.3d 3, 6 (1st Cir. 1993)).  Under this reasoning, nothing in section 181, were it to apply, would invalidate the forum selection clause.

###    B.    Inconvenience and Overreaching

Plaintiffs further contend that the forum selection clause is invalid as a result of inconvenience and overreaching. (Docket No. 26 at ¶ 59.)

###    1.    Inconvenience

A clause may be "'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action."  Zapata, 407 U.S. at 16.  "[W]here it can be said with

reasonable assurance," however, that the parties at the time of contracting contemplated the inconvenience, or that the inconvenience was foreseeable, the clause is likely enforceable. See id.  To overcome enforceability based on inconvenience, the resisting party must "show that trial in the contractual forum will be so gravely difficult and inconvenient that [he or she] will for all practical purposes be deprived of [his or her] day in court." Id. at 18.

         Plaintiffs cursorily object to defendant's attempt to haul numerous Puerto Rico residents to Utah, but do not specifically remonstrate the inconvenience of the contracted-to forum or suggest that the inconvenience was not contemplated at the time of contracting.  (Docket No. 26 at ¶ 61.)  At any rate, had they been lodged, specific objections would likely be unavailing in light of the Supreme Court's enforcement of faraway forum choices within cruise line consumer contracts.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991) (noting that "a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit") Similarly, in the security sales context, the First Circuit Court of Appeals has recognized that forum selection clauses serve the legitimate interest of concentrating "all related litigation in a single forum." Huffington v. T.C. Group LLC, 637 F.3d 18, 23 (1st Cir. 2011).  In the same way, defendant UBS Bank, as an entity offering products to

Civil No. 14-1739 (FAB)                                          10

residents of multiple jurisdictions, has an interest in limiting

the fora in which it can be sued regarding such sales.

Accordingly, UBS Bank's contractual requirement that litigation

take place in Utah does not invalidate the forum selection clause

on inconvenience grounds.

      **2.   Overreaching**

      "Overreaching" refers to one party's unfair

exploitation of its overwhelming bargaining power or influence over

the other party." Rivera, 575 F.3d at 21.  The mere existence of

inequality between the two parties, however, "is not enough to

render an agreement unenforceable."  Id. (citing Gilmer v.

Interstate/Johnson Lane Corp., 500 U.S. 20, 32 (1991) and Outek

Caribbean Distrib., Inc. v. Echo, Inc., 206 F. Supp. 2d 263, 267

(D.P.R. 2002) (Lafitte, J.)).  Similarly, "the fact that a contract

was in boilerplate form will not, by itself, render it unfair or

invalid."  Id.  (citing Outek, 206 F. Supp. 2d at 21).  Moreover,

"the presumption in favor of enforcing a forum selection clause

applies even if the clause was not the product of negotiation."

Id. (quoting 2215 Fifth St. Assocs., L.P. v. U-Haul Int'l., Inc.,

148 F. Supp. 2d 50, 56 (D.D.C. 2001)).

      Plaintiffs argue that defendant UBS Bank "induced

plaintiffs to just sign the documents, with the representation that

the other information would be filled and garnered from the files"

and that the documents "were signed without the benefit of advice

of counsel."   (Docket No. 26 at ¶ 59 (citing <u>Rivera</u>, 575 F.3d at

22).)   Plaintiffs offer no authority suggesting that a forum

selection clause is only valid where the resisting party had the

advice of counsel when it signed the contract.  In <u>Rivera</u>, though,

the First Circuit Court of Appeals found "suggestions of

overreaching" — including the fact that appellant's relationship

with the hospital stemmed from his serious medical condition — the

court held that appellant had not overcome the presumption in favor

of enforcing forum selection clauses.  <u>Rivera</u>, 575 F.3d at 22.

Here, plaintiffs point to no specific facts that would allow the

Court to conclude that the forum selection clause at issue was the

product of overreaching by defendant.  Indeed, the circumstances

here do not rise to the level of suggestion presented in <u>Rivera</u>,

where the First Circuit Court of Appeals nevertheless enforced the

forum selection clause.

    **C.    Fraud**

        Plaintiffs perfunctorily argue that "the forum-selection

clause is also invalid and unenforceable because plaintiffs have

alleged fraudulent actions and omissions in the loan transactions."

(Docket No. 16 at ¶ 58.)  A forum selection clause can be defeated

where the resisting party shows that the clause is the result of

fraud.  <u>Rivera</u>, 575 F.3d at 18 (quoting <u>Zapata</u>, 407 U.S. at 15).

"A contract is voidable (and thus unenforceable) if 'a party's

manifestation of assent is induced by either a fraudulent or

Civil No. 14-1739 (FAB)                                                    12

material misrepresentation by the other party upon which the

recipient is justified in relying." Id. at 20 (quoting Restatement

Second of Contracts, § 164 (1979)).  The First Circuit Court of

Appeals did not find fraud where the appellants had alleged

> that (1) no one verbally explained the forum selection
> clause to appellants or told them that they could consult
> an attorney; (2) appellants did not attempt to negotiate
> the clause in any way, but, 'should an opportunity [have]
> been afforded' to seek legal counsel, appellants would
> have either asked that the clause be removed or sought
> treatment elsewhere; and (3) appellants ultimately
> misunderstood the forms and their implications.

Id. at 20.  Here, plaintiffs make even less specific allegations

regarding the existence of fraud; they merely refer to allegations

of fraud in the complaint.  Accordingly, the circumstances here

cannot support invalidating the forum selection clause as a result

of fraud.

## II.  Conclusion

For the reasons articulated above, the Court finds that the

mandatory forum selection clause contained in the credit line

agreements signed by the parties is valid and enforceable.  The

Court further finds no "extraordinary circumstances unrelated to

the convenience of the parties [that] clearly disfavor a transfer."

Atl. Marine Constr. Co., Inc., 134 S.Ct. at 575.  Accordingly, the

Court **GRANTS** UBS Bank's motion to transfer this case to the

District Court for the District of Utah.  (Docket No. 16.)

This case in this district is now closed for statistical

purposes.

Civil No. 14-1739 (FAB)                                                13

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 3, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE